**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 11-126-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Jaime Avila; et al., | ) | |
| Defendants. | ) | |

Pending before the Court is Kent Terry, Sr. and Josephine Terry's ("Terrys") motion to be recognized as victims under the Crime Victims Rights Act (18 U.S.C. § 3771) ("the Act").[1] The Government opposes the motion as either moot or unripe. All Defendants oppose the motion.

**Ripeness/Mootness**

Specifically, the Terrys seek to be recognized a victims under the Act immediately. The Government argues that because the Terrys cannot show that they are currently being denied any rights under the Act, their motion is premature. The Terrys respond and argue that, "without formal recognition as crime victims in this matter [they] cannot avail [themselves] of *all* of the rights afforded by the CVRA...." Doc. 312 at 3.

The Government does a thorough job of laying out all of the rights given to victims

---

[1] For docketing purposes, the motion is styled as a motion to intervene.

by the Act and detailing how the Terrys are not being denied any of those rights. Doc. 323. The Court agrees with the Government that the Terrys have not articulated a particular right that they are attempting to exercise, but have been denied. However, the Court agrees with the Terrys that nothing in the case law or the legislative history cited to the Court suggests that this Court should delay determining whether an alleged victim is entitled to rights until *after* a right is denied. Thus, the Court rejects the Government's argument that this issue is not ripe.

Turning to mootness, the Government argues this issue is moot because the Government is voluntarily effectively treating the Terrys as if they are victims. However, as the Terrys point out, the Government still opposes their motion to be recognized as victims. Thus, this issue is whether a motion is made moot by the Government conferring all requested rights to the Terrys without recognizing them as victims.

Generally, "a [party] claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw*, 528 U.S. 167, 189 (2000). Here, the Government cannot make this showing. While the Government has agreed to treat the Terry family a victims currently, the Government has specifically reserved the ability to not do so in the future. Thus, the Court does not find the Terrys' request to be moot.

**Merits**

The Act defines a crime victim as, "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). A deceased victim's rights can be asserted by his or her representative. *In re Rendón Galvis*, 564 F.3d 170, 175 (2d Cir. 2009). "The requirement that the victim be 'directly and proximately harmed' encompasses the traditional 'but for' and proximate cause analyses." *Id.*

The Government's position on the merits is that the, "Intervenors have not met the strict legal definition of a 'victim' under [the Act], that is, a person 'directly and proximately harmed as a result of the commission of a federal offense." Doc. 323 at 11. The Government

concludes its response by stating, "If the Court feels compelled to decide [whether the Terrys meet the definition of victims un the Act], the Government requests that a hearing be set in approximately six to eight weeks in order to allow the United States to provide further briefing and/or information to the Court which bears on whether the Intervenors are 'victims' for purposes of [the Act]." *Id.*

The Terrys argue that this Court, on this record, should either grant them status as victims or "schedule an evidentiary hearing on the matter in 30-60 days." Doc. 312 at 3. The Terrys also state that, while they wait for the hearing, the Court should order the Government, "to fully disclose the entirety of its file in this matter to counsel for the [Terrys]." *Id.*

Thus, despite the fact that the Court has had one full round of briefing and one full round of supplements on this issue, the Government and the Terrys both expect that the Court will take additional evidence on this issue.[2] Accordingly, the Court will Order additional evidence as follows. However, consistent with the Court's duty to rule on a motion under the Act "forthwith" this will be the parties <u>last</u> opportunity to elaborate on their positions, and this final round of briefing should not seek further briefing or hearings.

By February 1, 2012, the Terrys shall submit proposed findings of fact and conclusions of law consistent with Federal Rule of Civil Procedure 52. For each finding of fact submitted, the Terrys shall attach evidence supporting that fact consistent with Federal Rule of Civil Procedure 56. *See also* Local Rule Civil 56. The Government shall respond to this filing with 14 days of when it is filed. The Government shall indicate whether each fact listed by the Terrys is admitted, denied, or disputed. If disputed, the Government should attach its own evidence to support its version of the facts.[3] If any Defendant seeks to file a

---

[2] Specifically, each party states that if their position will not win, then they must present additional evidence. Since one party must lose, both parties effectively acknowledge that the Court should take additional evidence.

[3] Each of these supplements should be a complete record of either parties' evidence and legal arguments on this issue; thus, neither party should incorporate by reference any

- 3 -

substantive response, he/she may do so within the same time limit as the Government; however, no joinders should be filed. Finally, in their conclusions of law, each party shall discuss *In re Rendón Galvis*, 564 F.3d 170 (2d Cir. 2009) and any other cases they deem appropriate.

If the Court determines there is a contested issue of fact, the Court will set an evidentiary hearing. Again, neither party should save their arguments or evidence for an evidentiary hearing because the Court will set one only if the filings show one is necessary. *See e.g. United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2001) (holding that an evidentiary hearing is necessary only when the papers show a contested issue of fact for the court to resolve). The Terrys will bear the burden of proof in both the written filings and at a hearing, if any. *See In re Rendón Galvis*, 564 F.3d at 175

For purposes of focusing the parties' briefing, on this record the Court finds that the Terrys have not shown sufficient facts to create "but for" causation between the crimes charged in the indictment and the harm that they suffered. Specifically, the charges in the indictment include dealing in firearms without a license, possession with intent to distribute marijuana, possessing a firearm in furtherance of a drug trafficking offense, making false statements in connection with the acquisition of a firearm, and money laundering. Doc. 3. In attempting to establish a nexus between the crimes charged and the death of Brian Terry, the Terrys offer evidence that the gun used to kill Brian Terry was one of the many guns a Defendant in this case purchased by making a false statement.[4] This connection is insufficient for the Court to conclude that but for Defendant's charged false statement, Brian Terry would not be deceased. *See In re Rendón Galvis*, 564 F.3d at 175 (finding "While the

---

other filing. To this end, no page limit is in place for either filing.

[4] The Court is aware that the Terrys' have presented letters and arguments regarding the Government's involvement in the underlying firearms purchases. However, the Government is not charged with a crime in this case; thus, the Court does not find allegations of Government "wrongdoing" to be evidence of whether the Terrys are victims of the Defendants charged in this case.

evidence may suggest some linkages between [Petitioner's son's] murder and the drug conspiracy [to which Defendant pleaded guilty], we do not find clear error in the district court's conclusion that [Petitioner] ultimately failed to show the requisite causal connection between the two. As in *Sharp*, 'there are too many questions left unanswered concerning the link between the Defendant's federal offense and [the petitioner's harm]'." (citation omitted)).[5]

Because the Terrys have a right to a "forthwith" ruling from this Court (*see* 18 U.S.C. § 3771(d)(3)) the Court is prepared to rule on this record. As discussed above, the Court's ability to rule has been hampered by both parties arguments that they have additional evidence that they wish to present, but that they are holding back until the Court gives preliminary rulings on whether they need more evidence. As further discussed above, the Court will no long accept this procedural posturing. However, as an alternative to the procedure outlined above and to expedite this case, the Court is prepared to find on this record that the Terrys failed to meet their burden of showing that they are victims as defined by the Act. Further, the Court is prepared to find that the two rounds of briefing the Court has already permitted on this issue were sufficient to give the Terrys the opportunity to present their arguments and supporting facts. Thus, if the Terrys wish to have a final ruling, they may file a notice that they do not wish to present any further evidence and the Court will issue a ruling based on this record.

**Discovery**

As quoted above, and as requested in other filings, the Terrys argue that the Court should order the Government, "to fully disclose the entirety of its file in this matter to counsel for the [Terrys]." Doc. 312 at 3; *see also* Doc. 285 at 3 (stating, "the Court should

---

[5] *See also United States v. Hunter*, 2008 WL 53125 (D. Utah 2008). The district court denied the family of a decedent victim status, "finding that [the family] failed to establish proximate causation between [Defendant] Hunter's sale of the gun and Talovic's shooting of their daughter." *In re Antrobus (Antrobus III)*, 563 F.3d 1092, 1094 (10th Cir. 2009) (*aff'd In re Antrobus (Antrobus I)*, 519 F.3d 1123 (10th Cir. 2008)).

- 5 -

enter an order directing the U.S. Attorney's Office to produce to the [Terrys] all information in its possession 'favorable' to the [Terrys'] motion for crime victim status."). The Terrys have citing to nothing in the Act itself that creates a right of discovery. The Terrys cite to a speech by Senator Kyl in which he suggested that crime victims should receive "due process" for the proposition that because due process to a criminal defendant means that the defendant is entitled to all favorable information to the defense (*Brady v. Maryland*, 373 U.S. 83 (1963)), due process to the victim means the victim is entitled to all information favorable to them. Doc. 285, n. 2. First, turning over the Government's "entire file" and turning over information favorable to the Terrys are unlikely to be the same thing. Second, the Court does not find a defendant and a victim to be in analogous positions. Specifically, while the Constitution guarantees a defendant a variety of rights, with respect to a victim, Senator Kyl may have been referring to only procedural due process, including notice and the right to be heard. Third, the Terrys' argument presumes the conclusion that they are in fact victims. Senator Kyl's comments were not seeming to bestow a discovery right on someone who was attempting to establish that they are a victim in the first instance.

Further, the Court has reviewed *In re Antrobus (Antrobus III)*, 563 F.3d 1092 (10th Cir. 2009), the case on which the which the Terrys rely for their claim to discovery.[6] In the future, the Terrys will use pin cites for propositions such as: the Court instructed, "that family seeking victims' rights status should serve interrogatories on witnesses...." Doc. 285 at 3. In reality *Antrobus III* was quoting *Antrobus II* stating,

> The difficulty is that the Antrobuses have not demonstrated that they were unable to present evidence along these very same lines over a year ago, when this litigation began. In our February 1, 2008, order denying their second mandamus petition, in which petitioners sought disclosure of the ATF report and grand jury records that allegedly contain the same evidence, we noted that "the Antrobuses have not shown, or even argued, that they have no other means to obtain the evidence they seek.... For example, they may be able to

---

[6] Although the Terrys call this case *Antrobus II*, the Tenth Circuit Court of Appeals refers to its unpublished slip opinion at 08-4013 from February 1, 2008 as *Antrobus II*. *In re Antrobus*, 563 F.3d at 1095. Accordingly, this Court has called this third case *Antrobus III* even though it is only the second published opinion of the Court of Appeals.

> learn what Mr. Talovic told Mr. Hunter by deposing Mr. Hunter or serving him with interrogatories." *Antrobus II*, slip op. at 8. Nothing has changed. Petitioners still do not attempt to explain why they could not have, for example, questioned Officer Blanchard or their other unnamed witnesses in December 2007 and January 2008, when they first brought their claim. Had they made a record showing diligent but stymied efforts on this front, we might have a different case. But in the case we have, the Antrobuses have failed to establish "unquestionably" that they have "new evidence" that was not previously available to them.

*Antrobus III*, 563 at 1099.

While the Court will concede that the Court of Appeals language is not perfectly clear on the procedure the Court envisioned for discovery, nothing in the opinion suggests that such discovery would be conducted within the *criminal* case. Specifically, discovery tools such as "depositions" and "interrogatories" are found in the Federal Rule of Civil Procedure. As a result, the Court interprets the Court of Appeals guidance on this point as discovery the Antrobuses could have been taking in any corresponding civil litigation that they had filed. Thus, this Court rejects the Terrys' premise that anything in the Act or the cases interpreting the Act entitles them to any discovery within the criminal case. Accordingly, to the extent embedded in the Terrys' motion to intervene is a request for discovery, that request is denied.

**Access to sealed filings and hearings**

Assuming for purposes of this section of this Order only that the Terrys will meet their burden that they are victims as defined by the Act in the final supplement, it is necessary for the Court to determine whether the victims are entitled to access to sealed hearings and filings. In their supplement, the Terrys have stated, "to answer the Court's question about access to sealed filings and hearings, the Family does seek to be apprised of and involved in sealed proceedings." Doc. 312 at 3. The Terrys cite nothing to suggest that they are legally entitled to this; they merely state that they seek access to this information. The Government cites to sections of the Act conferring on a victim the right to notice of and to be present at "public" proceedings. Doc. 323 at 2 (citing 18 U.S.C. § 3771). The Government also notes the right of the victim to be heard at a "public" proceeding. *Id.* The Government then cites several court cases and the legislative history limiting these rights to public proceedings and denying victims access to sealed proceedings. Doc. 323 at 2-3; 5-6.

Based on the express language of the Act itself, the Court finds that victims do not have the right to notice of, the right to attend, or the right to be heard at any sealed proceeding. Accordingly, to the extent the Terrys (in response to the Court's question) have sought access of any kind to any sealed proceedings, that request is denied. This denial will continue even if the Terrys are later determined to be victims within the definition provided by the Act.

**Conclusion**

**IT IS ORDERED** that by February 1, 2012, the Terrys shall file a single consolidated supplement in support of their motion to intervene. The Government shall respond within 14 days. Any Defendant may filed a substantive response within 14, but should not join the Government's response. Alternatively, before the 14 day deadline, the Terrys may file a notice that they do not seek to present any additional evidence and the Court will rule on the motion to intervene as indicated above.

DATED this 18th day of January, 2012.

James A. Teilborg
United States District Judge